Good morning, your honors. Jason Carr appearing on behalf of Petitioner Appellate Brian Brown. I intend to reserve a minute of my time for rebuttal. Okay. Keep your eye on the clock. I would not want to be sitting where this representative is today with this record that is coming before this court. This record, both in the district court and in their pleadings to this court, represents a lack of candor to the tribunal, citing overruled law, misrepresenting and construing Brown's pleadings in a manner that's favorable to them. And the list goes on and on. And I'm going to use as a roadmap for supplemental answering briefs. I've never really had an opportunity to respond to that. But it also provides a good framework for this course of misconduct. But before I get into that, I would like to mention to the court that the pivotal ruling at issue in this case, at least as far as the original claims in the petition go, is on ER, records 129 through 131. Your Honor, in this case, what happens is that Mr. Brown, pro se, who is pro se for approximately 11 years throughout the course of this litigation, he files his first petition. You just said something about how you wouldn't want to be in that position. It's interesting to me. Did you write the appellate brief here? I did. Okay. In your opening brief, you didn't explain how Ground 11 relates back to Ground 3, except to say that both are prosecutorial misconduct claims. Didn't you waive your arguments? Because you only raised it in your reply brief. I mean, you only discussed it in your reply brief. And so I'm just trying to figure out, especially if you're quick to criticize the other side, what happened? Well, Your Honor, this case came to me as a cold record case. This Court certified an issue that didn't have the benefit of briefing from a litigant on Brian's side to support that, then granting him the COA. When I looked at this case, I realized that the pivotal core issue and that my client's best claims were those claims that the district court found were fully exhausted and timely in his original petition. And that was the issue, the uncertified issue, admittedly, that I focused all my attention on. Now, I did elaborate on the issue of relation back, and it is a strong argument, I suppose. In hindsight, I should have centered on it more in the opening brief. But the real core issue here is the uncertified issue. And if we had had this case at the beginning in the district court level in the COA process, certainly we would have asked to certify that issue. In fact, none of this would have happened. That's right. It's just an interesting tactic that you displayed right now. Well, it's unusual, and I'll admit it, but it's because that issue is so strong, and it did occupy my attention. But the key thing, in looking at the government's supplemental answering brief, the state of Nevada's, one of the first things that they say, and this is a key thing that they keep misrepresenting to the district court, that if you look at page 129, the district court says in option three, well, first of all, I want to point out that the district court told Mr. Brown, in his order, that all of your claims will be laid back, all of your unexhausted claims that are going to be dismissed under option three. It turned out to be wrong, of course. There's not much I can do about that. The law has changed in the seven, eight years he's back in dealing with those issues and coming back to federal court. But in ground three, what the court said, I mean, option three on page 129, and this is the option that the client elected in the sworn declaration to take, is that he was going to dismiss his unexhausted claims, status action, and then, quote, move to reopen this matter and amend the petition, the petition being the state original petition, to add deleted claims once they've been fully exhausted in the state court. The government, the state of Nevada's whole argument in this case is that my client somehow filed an amended petition that superseded his original petition. But, of course, he never filed such a document. That is a false factual statement. What my client did after exhausting his petition, his second petition in state court, he came back to federal court and he filed, on page 191, an amended petition for writ of habeas corpus. Oh, excuse me, wrong page. It's on page 137, excuse me, an amended supplemental petition for a writ of habeas corpus. That is the document he filed. He did not file an amended petition in a supplement. And it's really somewhat irrelevant anyways because there is no law that says that the amended petition would supplement, would supersede the original petition in the Kelly v. Small context. And, in fact, when Kelly, and this was a Kelly v. Small state that the court, district court enacted, because this is before Ryan v. Weber, the Supreme Court case, which has another state formulation. But in a Kelly v. Small state, you have to dismiss your unexhausted claims and leave your exhausted claims to stay in the federal court when you return to state court. And what Kelly v. Small says on page 1070 is that the district court, in granting a Kelly state, must consider the alternative of staying in the petition after dismissal of unexhausted claims in order to permit petitioner to exhaust those claims and add them by amendment to a state federal petition. This is exactly what Brown attempted to do. And you can tell if you read his amended supplement that what he does is he brings back all of his previously unexhausted claims. And he carefully does not reiterate the exhausted claims because he thought, based on what the district court told him, that those claims were state and that he was supposed to add his new claims to the exhausted state court. And that's exactly what he did. Now, the government, I think what the state's trying to say is that as an attachment to a supplement, my client pro se, all those things had to be construed liberally. In his favor, he has an exhibit called the amended petition for writ of habeas corpus on page 191 as an attachment to a supplement. But what this is, if you look at it, is an exact duplicate of his original petition, where he just, instead of having to type it out again, he reiterates rounds one and two from his original petition verbatim, skips three, four, five, and six because those are the ones that are stated by the court as being exhausted, and then starts again on round seven. It's clear that if you read what he did, that what he tried to do is exactly what the court told him to do, come back after you exhaust and supplement your existing petition with these supplemental claims. And the government, the state, they keep twisting it around. They tell the court, we filed an amended petition in the supplement. He did no such thing. But does it matter? You know, I will note that the state of Nevada cited to the district court this case called Forsyth, and this is on page 12 of their supplemental excerpt for record, for this idea that the amended petition superseded the original. But with Forsyth, at the time they cited it to the district court, first of all, it deals with ERISA and the Sherman Antitrust Act as nothing to do with habeas and talks about complaints. But it was overruled. At the time they cited to the case, and not just the time they cited that case to the district court, and not just overruled on any grounds, overruled on the exact grounds for which they cited it. The only legal proposition they made, the only legal argument they had for how my client's existing claims were still not valid was this superseding argument. The only case they cited to the district court is a case that was overruled on that very point. And this pattern goes on. In their supplemental brief to this court, they cite this case called Rhodes v. Robinson for this idea, once again, that the amended petition makes the original petition nonexistent. Rhodes v. Robinson is a case that deals with the Prison Litigation Reform Act. It talks about complaints. It's not about claims. It's about timing, whether you filed an amended petition, amended complaint after a remand, whether or not that's the time where the court determines whether administrative remedies have been exhausted. But in that very case, this court says that when you have a pro se litigant, this is a pro se petitioner, that no matter what he calls it, in this situation you should deem it to be a supplemental petition that adds claims to the original complaint. That case does not support the authority that they cited before at all. But even more egregious is later on they cite this case called King v. Italic, something like that. Instead of criticizing what they did, why don't you tell us what you would like us to do? You know, you spent a lot of time blustering about, you know, and maybe there is something to it or maybe not, but I'm having difficulty penetrating through all of that and understanding what is it that you want us to do? I know you'd like us to sanction opposing counsel and all that, but I'm talking what would you like us to do on behalf of your client? I don't want to be sanctioned. No, I mean, you've spent much time. What is it that you seek? I would like this case to be reversed and remanded with an instruction to the district court to consider my client's six claims that the district court previously found were exhausted in timely grounds. Three, four, five, six. And this is on the ground that he had leave to file a supplemental petition raising new grounds. This is not the relation back argument. Right, exactly. Okay. Thank you. You are out of time. We'll give you a minute for rebuttal. Thank you, Your Honor. Thank you. Good morning, Your Honors. May it please the Court, my name is Heather Proctor, Senior Deputy with Nevada Attorney General's Office, and I have the honor of representing the Respondents in this matter. As to the sole certified issue, I would concur with the Court that the Petitioner has waived that argument on the grounds that he simply did not. We haven't ruled on it yet, so you can't hardly concur. Certainly, Your Honor. On the comment made by the Court that the Petitioner did not. I think it was a question. I don't even know what Judge McGeer thinks of this on the subject. Okay. I just have a question. I just asked, so. Certainly. Well, I would certainly make the argument that he has waived the argument because in the opening brief, his sole statement was that Ground 11 related back to Ground 3 in the original petition because it simply embellished a prosecutorial misconduct claim at trial. There was no. But you addressed the issue, though. Should I address the issue? You did address the issue in your briefing, right? I did, Your Honor, however. So doesn't that put it before us? Your Honor, I did address the issue. I did argue that it had been waived. However, in order to preserve the argument, yes, I did address it. However. So haven't you waived the waiver? I would argue no, Your Honor. I had preserved the waiver. I asked whether you waived the waiver, and you said yes, or you. I said no. I had preserved the waiver. Okay. Well, assume we disagree with you on that. I'm sorry? Let's say we were to disagree with you on that. Certainly. Would you like me to go ahead and argue the issue? Well, isn't it enough that it's just mentioned? I mean, and they both relate to inflammatory sort of unsupported statements made during the prosecutor's closing argument. Your Honor, and. I think an argument could be made that he waived because it's not really delved into until the reply brief, but is what he said enough in the opening brief? Your Honor, in the opening brief, he made no comment to the standard, which is the male argument. He made no argument other than it was an embellishment, which is not the male standard. And more importantly, he flat out said in his opening brief, this is not the issue in this appeal. He has waived the argument. To the extent that the Court does wish to address that issue, it does not relate back. The allegations in Grounds 11 and Ground 3 do deal with one common fact, which is alleged prosecutorial misconduct at the closing argument. However, the allegations contained in Ground 11 all deal with nine very specific statements in which the Petitioner cited the prosecutor referred to Brown as, quote, murderer, end quote. All of his allegations deal with those specific facts from the record. In his Ground 3, there's no reference to that trial portion of the transcript. There's no reference to Brown or the prosecutor allegedly referring to Brown as the murderer. To accept this argument would effectively eviscerate male. Male is very fact-specific. It would be basically any time a Petitioner raised an allegation of misconduct at closing argument in an original petition and in a Federal supplemental petition, excuse me, an amended petition, they would automatically relate back. And that is not the case with male. It has to be fact-specific, and the facts have to support the allegations. That's the relation back argument, but let's assume that we consider the other argument, and that is that it was an amended petition. What's your answer to that? That it was not an amended petition. It was an amended petition. I mean, the argument is that it was an amended petition. It didn't have to relate back because the district court granted him leave to file. That it was somehow a supplemental petition? Yes. Amended supplemental, I guess, yeah. That's right. Then my argument would be for a supplemental petition. A supplemental petition is not permitted to raise new issues, and that's what he did is he raised new issues. Even if this Court considered it as a supplemental petition, which I certainly do not concede. And what do you cite for that proposition? Your Honor, I do not have that citation in front of me. I was not prepared to argue that this was a supplemental petition. He did not allege that. What is your argument then? What are you arguing with respect to that? As to the certified issue? Uncertified. Uncertified issue, certainly. As to the uncertified issue, the whole question boils down to option 3. Was he told in option 3 that he needed to simply supplement his petition or amend his petition? Number one, the existing law does state that an amended petition supersedes an original petition. Even in a Kelly context? Even in a Kelly context. What case says specifically that an amended petition supersedes the original petition in a Kelly context when the case has been remanded and stayed? Stay and abate? My argument, actually, Your Honor, is that Kelly does not overcome or undermine the rule that an amended petition supersedes an original petition. But my question was, do you have a specific case that in the Kelly context says that the amended petition supersedes the petition that has been stayed? No, Your Honor. However, in this case, contrary to what the petitioner has argued, he did in fact file an amended petition and he did in fact file an amended supplemental petition. When the Court looks at that amended petition, he did not simply throw out the same three claims that he originally filed in his original petition. If that had been the case, then those three claims would have related back to his original petition. What did the district court do with those claims? The district court found that they did not relate back except for ground 3-3. And that further undermines his argument. He did in fact re-raise only one of those previously exhausted claims. So he knew that he had to re-raise those claims in his amended petition, and they were in fact amended petitions. They he re-raised one claim from his original petition that amended petition did in fact contain new claims that were not contained in the original petition that did not relate back to the original petition. The amended petition contained grounds 1-3. Only one of those grounds related back. The amended supplemental petition, together, the district court treated that as an amended petition. The amended petition was docketed as docket number 26-3. The amended supplement, because of its length, was docketed as docket numbers 26 and 26-2. I want to make sure I understand your argument. You're saying it is an amended? It is an amended petition. Okay. So when you have an amended petition, it supersedes only those claims that the plaintiff voluntarily dismissed and failed. To replete. Correct. Okay. And you're saying he repled him there? He repled only ground 3-3 from the original petition. That was the sole ground that the court found related back to the original petition. Everything else he did not replete any of the other previously exhausted claims in his amended petitions. And option 3 simply did not tell him he had to file an amended petition. He chose to file an amended petition. He could have returned back to Federal court and proceeded on that previously fully exhausted petition, the original petition. He chose to file an amended petition. And therefore, by filing that amended petition, he voluntarily dismissed those previously unexhausted claims. If he had called it a supplemental petition, would your argument be different? Yes, Your Honor, because you're, again, I do not have the case law, but I don't believe I have the case law. In a supplemental petition, you're not allowed to re-raise new claims. The amended petitions contain new claims which were not presented in the original petition, and he would not have been permitted to raise a supplemental petition. He raised and he filed an amended petition. Now, what case says he couldn't have filed a supplemental petition? What case says that? I do not have that case law, Your Honor. Would you like leave to brief the issue? I'm sorry? Would you like leave to brief the issue? I would. Thank you, Your Honor. Well, I didn't grant it. I was just asking whether that's what you wanted. I would, Your Honor, yes. If that's what you wanted, we will discuss it. Certainly. I was just curious, because you said it was such authority that he wouldn't be allowed to file a supplemental brief that I thought that there was a case that said that. There is a case, Your Honor. I simply do not have the case. I know a colleague has argued that recently in a case, and I know which case he argued it in, but I would have to give you that. It's a Ninth Circuit case. It is. However, just in my last minute, I would also note that the Petitioner also had noticed that he had to reallege all of his claims in his amended petitions. Number one, Respondents filed a motion to dismiss stating that he had not realleged his claims. Number two, in the very forms that he used in both the amended and supplemental amended petitions, it states above every ground, you must raise in this petition all grounds for relief that relate to this conviction. Any grounds not raised in this petition will likely be barred from being litigated in subsequent action. He was told in the very forms that he used he had to re-raise all of his claims in those amended petitions, and he failed to do so. Okay. Thank you. Unless there are any further questions. Thank you. We may take a minute for rebuttal. This argument about ground 3-3 is just a lie, essentially. There is no ground 3-3 that my client raised. In his ground 3 in his amended petition, I mean, the supplemental, excuse me, I shouldn't make that mistake, on page 199 is the exact same as ground 7 on page 51 of the ER, which was one of the claims. It's verbatim that claim, which was one of the claims that the Court dismissed as unexhausted. Well, opposing counsel's point is that if your client knew that he had to reassert claims that had been asserted previously, there is no basis for saying that the claims relate back. He didn't know. He did exactly what the Court told him to do. The Court told him on page 129 through 31, and again on 135, said, I am going to state your petition. This is in direct order to the Court, to my client, and you come back with your unexhausted claims, supplement the petition, the one that stayed. Those are his exact words, and that's exactly what my client did. When he filed, and it's, the government just conceded if it's called an amended supplement, then they lose, and that's exactly what my client called it. On page 137, it is called an amended supplemental petition, and he's using the forms because he's pro se. I mean, he's doing the best that he can, and he says, he files the 60B motion after the Court dismisses his petition. He says, Court, you made a mistake. What about my previously exhausted claims that you found? I did exactly what you said. Court, I don't know what I'm doing. And he basically says, I'm begging you, Court, please help me. I'm praying for help here. I tried to do what you said, and you still dismissed my petition. And that's what he says in his motion for reconsideration. Under Federal Rule of Civil Procedure 60B, one of the bases for that motion is if the Court made a mistake, and that's exactly what he said. And he said, Court, you stated those claims. I would like, and he names them, Grounds 3 through 6, 17 and 1A of my first petition. You stated them. You said I could come back and relitigate those. Please address those claims. But the district court did address the, what we've been calling the 3.3 claim, right, 3.3 claim. Did the district court address that? The court said that part of his Ground 3, which it has no subparts, so I don't know where the 3.3 came from. It's on page 199 of the ER. But the court said that part of that claim related back. It didn't say it was the same claim. But didn't the court adjudicate that claim on the merits, though? That little subpart. Yes. But what the court did here was basically go with whatever the State told them. I mean, there was nobody who was telling the Court that they were wrong. And I will note, when you ask the State whether there's any authority to support that goes against what Kelly says, which the proper procedure is to state the petition and allow you to add to it later when you come back. On page 11 of their supplemental brief, they cite this case for the proposition that it supersedes the amended petition, this case called King v. Itella. And then they say overruled on other grounds by Lacey. On other grounds, Lacey overrules it on exactly that ground. And Lacey talks about how unfair that would be and how this Court should not have such a rule where people inadvertently lose claims when they file amended complaints. And, by the way, all those cases are about civil suits. They have nothing to do with habeas at all. Well, she said that she couldn't recall offhand if there were cases that specifically dealt with Kelly. The only cases she cited in this Court and the District Court were overruled cases that deal with civil complaints. They never cited a case that overrules Kelly on this point. And King v. Ryan, another case that I cite, says the exact same thing. When you do a Kelly stay, the procedure is to leave the original petition and let the prisoner come back, prisoner petitioner, and amend that petition with his newly exhausted claims. That is the case that governs the procedure here, Kelly v. Small and King v. Ryan. And there is no authority, there's zero authority to support the State's primary argument here, which is somehow when my client filed an amended supplement pursuant to what the Court ordered him to do, the District Court, that that somehow superseded his complaint that the District Court had stayed. And I want to note that the District Court has never said dismiss that original petition. It's still sitting there in the District Court docket. And once again, I would ask this Court finally, if he made any mistakes in the pleading, he's pro se. All the law says that you have to give him every reasonable inference in his favor is what he's trying to do. He tells us what he was trying to do in his motion for the Court to reconsider. He says, I was trying to add those claims to my original petition. That is what I was trying to do in my own inartful way. Court, please help me. It's pro se. As a procedural matter, did you appeal from the last District Court order denying the motion for reconsideration? It was part. His notice of appeal was followed after, filed after the motion for reconsideration, so it's in corpus within the final judgment rule. But don't you have to do a separate appeal from a motion for reconsideration? Of a 60B? I'm not sure about that. The State didn't cite any authority for that proposition, so I didn't come prepared to argue that. But he did file the motion before the notice of appeal, so the Court had jurisdiction to adjudicate it. And 60B does say you can file it within a reasonable period of time, the judgment or order, and he filed it within 10 days. It's pretty reasonable. Right, but I'm not sure that just because you filed it after the motion for reconsideration that it appeals that motion, because generally there has to be a separate appeal filed for each order. If you have an attorney's fees order and you filed a notice of appeal from the underlying case, that notice of appeal wouldn't encompass the attorney's fees order. Well, if the Court is right about the 60B issue, that I would once again point out that my client filed his notice of appeal pro se. I didn't get it until this Court had the case for months. So any time to file a notice of appeal would have expired. Once again, we get to the law construed pro se pleadings liberally that his notice of appeal should have been construed as a dual notice of appeal that encompassed both the issues. And it's certainly as great as strong evidence of what my client's intent was. Okay. Thank you. Thank you. The case is argued with the answer amended.
judges: Kozinski, Rawlinson, Murguia